# UNITED STATES v. LIBERTY INS. BANK.

District Court, W. D. Kentucky. April 25, 1928.

1. **Bills and notes ⊂⇒295—Government, having issued checks to person designated as soldier's wife, could not recover from indorsee guaranteeing prior indorsements, on ground payee was not soldier's wife.**

Where soldier applied for allowance to H. P. D. as his wife, and the government paid monthly checks to person so designated, which bore indorsement of bank guaranteeing all prior indorsements, government, on discovering that the designated payee was not in fact the soldier's wife, but the wife of another, was not entitled to recover from bank on its guaranty of prior indorsements, since government made no mistake as to identity of payee, but merely as to her legal status, which was not guaranteed by bank.

2. **Bills and notes ⊂⇒462(1)—Indorsement by payee was taken as admitted, where not denied in petition to recover on guaranty of prior indorsements.**

Where petition by government to recover against bank guaranteeing prior indorsements on checks to person incorrectly designated by soldier as his wife did not deny that the person named as payee in the checks was the person who indorsed them as payee, indorsement by her was taken as admitted on demurrer, removing any question of forgery.

At Law. Suit by the United States against the Liberty Insurance Bank. On demurrer to the petition. Demurrer sustained, and petition dismissed.

T. J. Sparks, Dist. Atty., of Greenville, Ky., for the United States.

Edward Bloomfield, of Louisville, Ky., for defendant.

DAWSON, District Judge. On the 19th day of November, 1917, Frank Dunn, who was then a private in the United States Army, on the regular form prescribed for that purpose, designated as a legal dependent Hattie Price Dunn, and requested that she be given an allotment and allowance as his wife. This application was granted, and beginning with March 1, 1918, and extending to April, 1919, she was paid, on account of allotment and allowance, the sum of $540. The first payment was made on March 1st, and was for the sum of $90, covering the months of November and December, 1917, and January, 1918. The subsequent payments were $30 per month. Each of these payments was made by check drawn upon the Treasurer of the United States, signed by the proper government official, and payable to the order of Hattie Price Dunn. Each of these checks was collected through the Liberty Insurance Bank, defendant herein. Each had on its back at the proper place the indorsement "Hattie Price Dunn," and under this indorsement appears the indorsement of the Liberty Insurance Bank, in the following words:

"Pay to the order of any bank, banker or trust company. All prior indorsements guaranteed.

"Liberty Insurance Bank."

After these payments had been made, it was discovered that the payee, Hattie Price Dunn, was not the legal wife of Frank Dunn, but that she was the wife of Charles C. McCue, from whom she had never been divorced. Upon the discovery of this fact, the government demanded that the defendant, Liberty Insurance Bank, refund to it the

sum of $225, representing the allowance portion of the $540 collected on the checks referred to. This demand was predicated upon the claim that the indorsement of these checks by the Liberty Insurance Bank had the effect of guaranteeing that Hattie Price Dunn was in fact the wife of the soldier, Frank Dunn, and entitled to the proceeds of the checks. The bank having refused to accede to this demand, this suit was brought against the bank to collect the said sum of $225.

The petition sets out the facts, and the case is submitted for final judgment on demurrer to the petition. The parts of the petition material to this inquiry are as follows:

"They state that Frank Dunn, Louisville, Ky., enlisted in the army in the year 1917 as a private, Company G, 336th Infantry; that on the 19th day of November, 1917, the said Frank Dunn, on form 1–B executed November 19, 1917, at Camp Taylor, Ky., named as legal dependent Hattie Price Dunn, wife, 621 Fehr avenue, Louisville, Ky., and requested government family allowance in her behalf. An award consisting of $15 allotment, $15 allowance, effective November 1, 1917, was granted the wife, and payments were forwarded each and every month to include July 30, 1919, date of the said soldier's discharge, together with government family allowance for one month thereafter, in the following checks:

| Month. | Amount. | Check No. | |
|---|---|---|---|
| November, December, 1917, and January, 1918 .. | $90.00 | 3088791 | |
| February ........ | 30.00 | 3306124 | |
| March .......... | 30.00 | 3855185 | |
| April ........... | 30.00 | 4551817 | |
| May ............ | 30.00 | 5241169 | |
| June ........... | 30.00 | 6027020 | |
| July ............ | 30.00 | 6846341 | |
| August ......... | 30.00 | 7647101 | |
| September ....... | 30.00 | 10464841 | |
| October ......... | 30.00 | 11245341 | |
| November ....... | 30.00 | 11938296 | |
| December ....... | 30.00 | 12475450 | |
| January, 1919.... | 30.00 | 16478171 | |
| February ........ | 30.00 | 17627198 | |
| March .......... | 30.00 | 18691673 | |
| April ........... | 30.00 | 19639196 | |
| May ............ | 30.00 | 23492494 | (canceled) |
| June ........... | 30.00 | 24153696 | (canceled) |
| July and back pay | 105.00 | 20116236 | (canceled) |

"All of said checks, except the last three named for May, June, July, and back pay, were received by the said Hattie Price Dunn, and she received payment in full, totaling $540. All of said checks were drawn on the Treasurer of the United States, by M. E. Bailey and C. C. Vargas, disbursing clerks, Bureau of War Risk Insurance, in favor of Hattie Price Dunn.

"The defendant, Liberty Insurance Bank, Louisville, Ky., indorsed all of said checks, guaranteeing all prior indorsements.

"Plaintiffs state that Hattie Price Dunn, named by Frank Dunn as his wife in his application for government family allowance, was not at said time and never was the legal wife of the said Frank Dunn; that at said time she had a living husband, whose name was Charles Cleatis McCue, from whom she had not been divorced; that during the times she indorsed and received payment of said checks she was not the wife of Frank Dunn, but was the lawful wife of Charles Cleatis McCue; and that, on account of the said Hattie Price Dunn not being the wife of the said Frank Dunn, she was not entitled to receive said allowance or any part thereof."

[1, 2] It will be observed from the allegations quoted that the plaintiff does not question that the person going under the name of Hattie Price Dunn was in fact the person the soldier intended to designate as his dependent. On the contrary, it is quite clear that the plaintiff intends by its pleading to admit that the person going under that name is the person designated by the soldier to receive the benefits of allotment and allowance, and I think it quite clear that it was the purpose of the government to issue the checks to the person so designated by the soldier. Therefore there is properly in this case no question of identity of the payee in the checks. The government made no mistake as to identity of the person in issuing the checks to Hattie Price Dunn. The mistake of fact was as to the legal status of such person. The checks were issued to the person the soldier and the government intended to have them issued to, viz. a woman going under the name of Hattie Price Dunn. It is true the government would not have issued these checks to her had it been known that she was not the wife of the soldier, but this mistake as to legal status is quite a different thing from mistake as to identity of person. Therefore, when these checks were presented to the defendant bank, they were indorsed with the name of the person intended to be named and actually named in the checks as the payee thereof, and, when the Liberty Insurance Bank indorsed the check guaranteeing all prior indorsements, it simply guaranteed that the indorsement of the name "Hattie Price Dunn" on the back of the check was the indorsement of the person named in the face of the check. It was in no sense any guaranty as to her legal status. The petition does

not question, and it therefore must be treated on this demurrer as admitted, that the person named as payee in the check, and going under the name of "Hattie Price Dunn," was the person who indorsed the name "Hattie Price Dunn" on the back thereof. Therefore the indorsement of the name "Hattie Price Dunn" on the back of the check was not a forgery.

There is no claim that the bank knew that she was not the wife of the soldier Frank Dunn. It is not claimed that the defendant bank knew that the assumed name under which she was transacting her business with it was not her real name or was adopted for the purpose of committing any fraud upon the government. If the collection of the allowance money in this case resulted from the negligence of any one, it was the negligence of the government authorities in issuing the checks, rather than the negligence of the bank in cashing them.

I can discover no legal reason, under the facts disclosed by the petition, for holding the bank liable for these erroneous payments by the government. To so hold would not only be a perversion of the law relative to the liability of indorsers of checks, but in this case such a holding would work a glaring injustice.

The demurrer to the petition will therefore be sustained, and, as I understand the government does not care to plead further, judgment may be entered dismissing the petition.